BAIZ ET AL., PLAINTIFFS AND APPELLANTS, *v.* HEIRS OF MERLE,
DEFENDANTS AND APPELLEES.

APPEAL from the District Court of Guayama in an Action
of Revendication.

No. 2961.—Decided July 11, 1924.

REVENDICATION — DESCRIPTION OF PROPERTY.—In this case the court concluded
from the evidence that either the property sued for was the property included
in the deeds of the defendants or else it had not been described in such a
manner that the marshal could identify it and give the plaintiffs possession
of it; therefore, the judgment dismissing the complaint was affirmed.

The facts are stated in the opinion.

*Mr. L. Muñoz Morales* for the appellants.

*Mr. C. Domínguez Rubio* for the appellees.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

The court below, after a trial on the merits, dismissed
an action for the recovery of land, primarily for the want
of identification sufficient to enable the marshal to deliver
possession in the event of a judgment for plaintiff, as shown
by the following extract:

"The evidence shows that the plaintiff seeks to recover a rural
property consisting of 43.5 acres (*cuerdas*) of land situated in Ja-
caboa ward of the municipal district of Patillas, bounded on the
north by lands of José Benito Greó; on the east by lands of the
Succession of Enrique Desbon; on the south by lands of Ramón
Ortiz and on the last (*sic*) by lands belonging to Teresa Aponte.

Said property is recorded in the name of the plaintiff in the registry of property, entry No. 104, page 43, vol. 3, Patillas, and was acquired by the plaintiff under title of purchaser from Eleuterio Alvarez during her marriage to Francisco Molinary. The defendants claim that this is the identical property of which they are in possession and which they acquired as follows: 28 *cuerdas* from the plaintiff and her husband by deed of January 24, 1893, now recorded in the name of the defendants, and the 15 remaining *cuerdas*—to complete the 43—by purchase from Domingo Ortiz and one Marcano, and that they have been in possession of these lands for upwards of ten years. The question raised is one of fact. The plaintiffs contend that their property is distinct from the property which the defendants claim as their own. On the other hand the defendants maintain that the property claimed by the plaintiff is the same as that possessed by them, namely, the 28 *cuerdas* of the plaintiff and her husband and the 15 *cuerdas* of the said Ortiz and Marcano duly acquired by purchase. Now then, if we accept the theory of the plaintiffs, we cannot grant the prayer of the complaint, for the evidence of the plaintiff does not identify the property claimed in such a way that it can be placed in possession of the plaintiffs if a judgment be rendered in their favor. If we admit the theory of the defendants, the complaint is likewise untenable for the evidence shows that the defendants acquired the 43 *cuerdas* in controversy as follows: 28 by purchase from the plaintiff and her husband and the rest by purchase from Ortiz and Marcano, and have been in possession of those lands. The court set a date for the ocular inspection, at which the defendants alone were present, the plaintiffs waiving their right. Inasmuch as during the introduction of the evidence no expert evidence was adduced to establish and show the place where the lands claimed by the plaintiff are situated, this was the best opportunity the plaintiffs had to go and point out where the acres of land claimed were located and overcome the conflict in the evidence regarding the identification of the lands sued for in the complaint. There is no doubt that the records of the registry show that two properties were made the subject of entry, but after an examination of both the oral and documentary evidence together with the inspection, the court has reached the conclusion that the same properties are involved, with the only difference that they have been recorded twice. In an action in ejectment involving a question of the identification of the properties, it is the duty of the plaintiff to prove each and every step taken. Matienzo *v.* Cancio, 23 P.R.R., 250. In an action of ejectment it is

essential that the plaintiff prove not only his right to recover the thing detained, but also the identity of the thing itself. Wherefore and since the evidence is insufficient· to justify the recovery sought, inasmuch as the property claimed has not been properly identified, the court renders judgment dismissing the complaint with costs."

There is no separate assignment of errors, and this alone would suffice to justify a dismissal of the appeal, as repeatedly announced by this court during the last few years. Nevertheless, we have read the brief for appellant and carefully considered the argument in support of the following specifications found at intervals in the course thereof:

"The trial court erred in finding that the property of 28 *cuerdas* which the defendant claims to .own is the same or is a part of the property of 43½ *cuerdas* claimed by the plaintiffs.

"The lower court erred· in holding that the evidence of the plaintiffs was insufficient.

"The trial court erred in finding that the defendants' title to the property claimed had been established."

A portion of the argument under the second assignment reads thus:

"The fact of the acquisition and possession by the predecessor in interest, Doña Rufina, was also established by the testimony of the witness Pedro Alvarez in so far as it asserts that Francisco Molinary purchased for his wife, Rufina Sánchez, the forty odd acre property in the ward of Jacaboa which belonged to Eleuterio Alvarez, uncle of the witness; that said property is now merged in other properties belonging to the Merle defendants; that Molinari owned other lands there, namely the Molinari farm, which also belongs to the Merles, but that these were separated from the former property by the lands of Domingo Ortiz (p. 20).

"(d)—The fact that the predecessor in interest Merle and later his heirs entered into possession of that property is shown by the defendants' own oral evidence when they endeavored to show that these 43½ *cuerdas* claimed by the plaintiff were sold to him under another title or are included under another title, when the fact is that the title they submit, that is, the registry certificate, only shows the entry of record of a property of 28 *cuerdas* acquired by the predecessor in interest by purchase from Filomena Molinari de Baiz under deed of January 24, 1893, and that the latter had recorded

the same by virtue of possessory proceedings together with other properties that formerly belonged to the partnership of Molinari Espendez & Co., and this document (p. 42) was admitted over the opposition and exception of the plaintiff. It has been proved that the defendants own the property claimed by the plaintiffs although they try to shelter themselves under another title of distinct origin which sprang from possessory proceedings; and the same evidence also establishes the fact that they first entered into possession in or about the year 1892, that is, the date of the deed referred to, it being therefore tacitly admitted that at least up to that time the predecessor in interest of the plaintiffs was in possession; this under the hypothesis that the defendant could base his possession on the title that he now claims.''

The evidence as a whole, even as outlined in the brief for appellants, leads inevitably to the conclusion in the alternative that if the property sought to be recovered is in the possession of defendants, then either it must be the land comprised within defendant's title or else it has not been otherwise identified in such a way as to enable the marshal to locate the same upon the ground and to place plaintiffs in possession thereof. This is in substance the conclusion reached below.

It follows that the judgment appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Franco Soto concurred.

Mr. Justice Wolf took no part in the decision of this case.